John L. Jenkins et al., Appellants, v. Ida M. Brittin, Administratrix, et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of De Witt county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913.

### Statement of the Case.

Action by John L. Jenkins and others, trading as Jenkins Grain Company against Ida M. Brittin, administratrix and Charles L. Brittin, administrator of the estate of John William Brittin, deceased, to recover damages on a contract with deceased for failure to deliver 2,800 bushels of corn alleged to have been sold by him to plaintiffs in his lifetime. Judgment was entered in favor of plaintiffs for sixty dollars damages. Plaintiffs being dissatisfied with the judgment, appeal.

INGHAM & INGHAM, for appellants.

HERRICK & HERRICK, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 496*—*when admissions of administrators as to contracts of deceased incompetent.* In an action against administrators of the estate of the deceased to recover damages on a contract made by deceased, evidence of conversations by the administrators, or either of them, tending to recognize the validity of the contract or to vary the terms thereof is incompetent.

2. EXECUTORS AND ADMINISTRATORS, § 109*—*authority to modify terms of contract made by deceased.* Administrators of an estate have no power or authority to modify the terms of a contract made by the deceased, and where the estate is liable on a contract made by deceased for failure to deliver corn after a reasonable time they have no power to extend the time for delivery.

3. SALES, § 124*—*time for delivery where time not specified in contract.* Where no time of delivery is specified on sale of chattels, a reasonable time under all the circumstances will be implied, and what is a reasonable time under all the circumstances in the case is a question of fact for the jury to determine.

4. CONTRACTS, § 254*—*necessity of consideration for subsequent agreement as to time for performance.* After the time for the performance of a contract has passed, any arrangement made between the parties for the performance of the contract at a different time is not binding unless supported by a new consideration.

MR. JUSTICE PHILBRICK took no part in the consideration of this case.